IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS,
SAN ANTONIO DIVISION

| | |
|---|---|
| TIFFANY SIMMONS, f/k/a, § <br> TIFFANY COLEMAN § <br> Plaintiff, § <br> § <br> v. § <br> § <br> HYATT CORPORATION d/b/a, § <br> HYATT REGENCY SAN ANTONIO § <br> RIVERWALK § <br> Defendant. § | Civil Action No. 5:19-CV-00595 <br><br> Jury Trial Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, TIFFANY SIMMONS, f/k/a TIFFANY COLEMAN, ("Plaintiff") is an individual that is a citizen of the State of Texas.

2. Defendant, HYATT CORPORATION d/b/a HYATT REGENCY SAN ANTONIO RIVERWALK ("Defendant") is a corporation that is incorporated under the laws of the State of Delaware. Defendant has its principal place of business in the State of Illinois. Defendant may be served by serving its registered agent Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company at its offices located at 701 Brazos Street, Suite 1050, Austin, Travis, County, TX. 78701.

### B. Jurisdiction

3. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### C. Venue

4. Venue is proper in this district because defendant HYATT CORPORATION d/b/a HYATT REGENCY SAN ANTONIO RIVERWALK resides in this district pursuant to 28 U.S.C. *§1391(a)(1)/§1391(b)(1)*; because a substantial part of the events or omissions giving rise to this claim occurred in this district, and because a substantial part of the property at issue is situated in this district pursuant to 28 U.S.C. *§1391(a)(2)/§1391(b)(2)*.

### D. Facts

5. This lawsuit results from an accident that occurred on June 3, 2017, at the Hyatt Regency San Antonio Riverwalk hotel located at 123 Losoya St., San Antonio, Bexar County, Texas. Plaintiff slipped and fell on the stairs leading from the roof top pool to the elevators due to the dangerous condition of the stairs. As a result of the accident, plaintiff suffered injuries and damages.

### E. Count 1 – Negligence: Premises Claim by Invitee

6. At the time and on the occasion in question, Defendant was the owner or in possession of the premises in question. Plaintiff was an invitee on Defendant's property, having entered defendant's premises in response to defendant's invitation and for their mutual benefit.

7. At the time and on the occasion in question, the condition of the stairs on defendant's premises posed an unreasonable risk of harm. Defendant knew or reasonably should have known of the dangerous condition posed by the wet stairs.

8. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care by failing to inspect the stairs, correct the condition, or to warn Plaintiff. Such failure constituted negligence, and was the proximate cause of the occurrence in question and the Plaintiff's resulting injuries.

9. Despite knowledge of the unreasonably dangerous condition of the stairs, defendant neither corrected nor warned Plaintiff of it. Defendant's failure to correct the condition or to warn Plaintiff constituted negligence, and such negligence was the proximate cause of the occurrence in question and the Plaintiff's resulting injuries.

10. As a direct and proximate result of defendant's negligence, plaintiff suffered the following injuries and damages:

    a.    Physical pain and mental anguish in the past and future.

    b.    Lost earnings or earning capacity in the past.

    c.    Loss of earning capacity in the future.

    d.    Physical impairment in the past and future.

    f.    Medical expenses in the past and future.

11. <u>Exemplary damages.</u> Plaintiff's injury resulted from defendant's gross negligence, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

**F. Prayer**

12. For these reasons, plaintiff asks for judgment against defendant for the following:

a. Actual damages.

b. Exemplary damages.

c. Prejudgment and post-judgment interest.

d. Court costs.

e. All other relief to which plaintiff is entitled.

Respectfully submitted,

LAW OFFICES OF ADOLPH R. GUERRA, JR.

 /s/ *Adolph R. Guerra, Jr.*
Adolph R. Guerra, Jr.
SBN: 085272000; Fed ID No. 1322
700 Louisiana Street., Suite 3950
Houston, Texas 77002
Telephone: (281) 398-6917
 Facsimile:  (713) 496-0609
adolph@lawofficesadolphrguerrajr.com
**ATTORNEY FOR PLAINTIFF**